```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------
```

KEVIN NELSON,

                     Plaintiff,        **COMPLAINT WITH JURY DEMAND**

        -against-

THE CITY OF NEW YORK; COMMISSIONER OF POLICE EDWARD CABAN, INDIVIDUALLY AND AS THE POLICE COMMISSIONER OF THE CITY OF NEW YORK; DETECTIVE LEONARD CLARKE, SHIELD NO. 3459, INDIVIDUALLY AND AS A POLICE OFFICER; POLICE OFFICER MARK MITCHELL, SHIELD 15678, INDIVIDUALLY AND AS A POLICE OFFICER; POLICE OFFICER KITWANE LEWIS, BADGE NO. 4105, INDIVIDUALLY AND AS A POLICE OFFICER; AND POLICE OFFICERS "JOHN DOE" 1 THROUGH 4, INDIVIDUALLY AND AS POLICE OFFICERS; NEW YORK COUNTY DISTRICT ATTORNEY ALVIN BRAGG, INDIVIDUALLY AND AS THE DISTRICT ATTORNEY OF NEW YORK COUNTY; AND ASSISTANT DISTRICT ATTORNEY ANDREW TRUEHEART, INDIVIDUALLY AND AS AN ASSISTANT DISTRICT ATTORNEY, AND ASSISTANT DISTRICT ATTORNEY "JOHN DOE", INDIVIDUALLY AND AS AN ASSISTANT DISTRICT ATTORNEY,

                     Defendants.

Docket No

----------------------------------------------------------x----------------------------------------

Plaintiff, KEVIN NELSON ("NELSON"), by and through his attorneys, the Law Office of Adrienne D. Edward PC, as and for his Complaint against defendants, respectfully sets forth the following:

## NATURE OF ACTION

1. Plaintiff brings this action against defendant THE CITY OF NEW YORK, as well as the following individuals, both personally and in their official capacities, COMMISSIONER OF POLICE EDWARD CABAN, DETECTIVE LEONARD CLARKE, POLICE OFFICER MARK MITCHELL, POLICE OFFICER KITWANE LEWIS, POLICE OFFICER "JOHN DOES 1 through 4", NEW YORK COUNTY DISTRICT ATTORNEY ALVIN BRAGG, ASSISTANT DISTRICT ATTORNEY ANDREW TRUEHEART, AND ASSISTANT

DISTRICT ATTORNEY "JOHN DOE" for false arrest, malicious prosecution, and violations of plaintiff's civil rights and constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments. Specifically, Plaintiff asserts a claim under 42 U.S.C. §§ 1981, 1983, 1985, and 18 U.S.C. § 926B in

addition to state law claims.

2. Plaintiff seeks damages both compensatory and punitive, an award of costs, interest and attorney's fees and such other relief as this Court may deem just and equitable.

## JURISDICTION

3. The jurisdiction of this Court is invoked based upon federal questions and pursuant to the Constitution of the United States, the New York State Constitution, 28 U.S.C. §§1343(3) and (4), 28

U.S.C. § 1331, as well as 42 U.S.C. § 2000e through § 2000e
(15).

4. This Court has supplemental jurisdiction over the federal claims pursuant to 28 U.S.C. § 1367.

5. Jurisdiction is also invoked under the doctrine of pendant jurisdiction with respect to all state claims set forth in all counts.

6. The rights, privileges and immunities sought herein to be redressed are those secured by the First, Fourth and Fifth Amendments and by the equal protection and due process clauses

of the Fourteenth Amendment of the United States Constitution, and provisions against race discrimination and racial profiling based upon 42 U.S.C. § 1981, 1983 and 1985 and 18 U.S.C. § 926B.

## VENUE

7. Venue is proper within the Southern District of this Court, County of New York, State of New York, as the course of defendants' conduct took place within the boundaries of the County of New York, State of New York.

## PARTIES

8. Plaintiff NELSON is a dark-skinned Black male citizen of the United States.

9. Defendant CITY OF NEW YORK ("CITY") was, and still is, a municipal corporation duly organized and existing under, and by virtue of, the laws of the City and State of New York, having its place of business within the City of New York, and included as its functions, the operation, management and finance of the New York City Police Department. Defendant New York City Police Department ("NYPD"), its agents, servants and employees, operate under the direct authority of the CITY, and is the official CITY agency charged with law enforcement and investigative duties throughout the City of New York, and maintains control offices at One Police Plaza, New York, New York, along with satellite offices and precincts throughout the City of New York, including but not limited to, the 1st Precinct, located at 16 Ericsson Pl, New York, NY 10013.

10. Defendant EDWARD CABAN, at all times relevant to this Complaint, was the Commissioner of the NYPD. As Commissioner, defendant CABAN was the principal administrator of the NYPD. Defendant CABAN was, at all times relevant to this action, responsible for the overall policies of the NYPD, including the institution and application of departmental rules and procedures, training and supervision of all police personnel. Defendant CABAN was responsible for the conduct of all police personnel operating under his command, including but not limited to, all of the individual NYPD defendants in this action, and is responsible for assuring that all officers comport themselves consistently with the Constitution of the United States and all

State, Federal and local laws. He is sued in his individual and official capacities.

11. Defendant NYPD Detective LEONARD CLARKE was, and upon information and belief, still is, employed by defendant CITY as a police officer. He is sued in his individual and official capacities.

12. Defendant NYPD Office MARK MITCHELL was, and upon information and belief, still is, employed by defendant CITY as a police officer. He is sued in his individual and official capacities.

13. Defendant NYPD POLICE OFFICER KITWANE LEWIS (now Lieutenant) was, and upon information and belief, still is, employed by defendant CITY as a police officer. He is sued in his individual and official capacities.

14. Defendants "JOHN DOE" 1 THROUGH 4 from the 1st Precinct, located at 16 Ericsson Pl, New York, NY 10013, at all times relevant herein, were employed by defendant CITY as police officers. They are sued in their individual and official capacities.

15. Defendant ALVIN BRAGG was, and still is, the New York County District Attorney. In his capacity as District Attorney, defendant BRAGG is responsible for the creation, implementation, promulgation and enforcement of the policies, practices and/or customs related to the investigation and prosecution of criminal actions in New York County and for the supervision and training of the staff of the District Attorney's Office. He is sued in his individual and official capacity.

16. Defendant ANDREW TRUEHEART is employed by defendant CITY as an Assistant District Attorney, New York County, and is responsible for prosecuting criminal cases on behalf of the District Attorney in the County of New York. He is sued in her individual and official capacity.

**FACTUAL BACKGROUND**

17. At all times relevant herein, plaintiff KEVIN NELSON was, and still is, a duly elected Pennsylvania State Constable.

18. Aside from serving a public duty as a Constable, plaintiff was actively employed as a body guard, conducting business within the State of New York.

19. Based upon the need to protect himself from criminals and other dangerous individuals he comes into contact with in the course of his employment as a constable, plaintiff is duly authorized by Pennsylvania State Law to carry a firearm, for which he maintains a valid permit (Firearms License 39-09634 PA).

20. A Pennsylvania State Constable is a law enforcement officer covered under Federal law 18 U.S. C. § 926B, also known as the Law Enforcement Officers Safety Act of 2004 (hereinafter ref erred to as "LEOSA"), which allows law enforcement officers to carry concealed firearms across state lines.

21. On or about March 28, 2023, while sitting in the passenger's seat of a parked vehicle, bearing Pennsylvania plates, in the vicinity of 100 Barclay Street, New York, New York, Defendants confronted and detained plaintiff NELSON without probable cause, demanding the windows of said vehicle to be rolled down, attempting to open the door thereof, demanding that Plaintiff Nelson exit said vehicle and eventually pushing him up against the hood of said vehicle while flanked by two officers.

22. Upon information and belief, plaintiff NELSON was the subject of racial profiling, as defendants singled him out simply because he is a dark-skinned Black male. Plaintiff NELSON was also the subject of further targeting and profiling because on said date, Plaintiff Nelson was working private security for a high-profile hip-hop artist/rapper, who is also a dark-skinned Black male.

23. While Plaintiff was still seated in the vehicle, Defendants asked for Plaintiff Nelson's ID, stated they would explain the reason for the detention later, and thereafter questioned plaintiff NELSON as to where his celebrity client was, whether his celebrity client had any guns, and asked plaintiff NELSON his identity again. When Plaintiff NELSON properly identified himself as a Pennsylvania State Constable, presenting his law enforcement shield and Pennsylvania State Constable

identification card, defendants stated in sum and substance "that badge don't mean shit," stated that the identification card was fake, proceeded to grab Plaintiff Nelson, demanded that Plaintiff Nelson exit the vehicle, and asked Plaintiff Nelson if he was armed.

24. Plaintiff NELSON answered in the affirmative, indicating that he had his service weapon in his backpack, located inside the vehicle.

25. Defendants, without permission, wrongfully and unlawfully searched the vehicle, and wrongfully and unlawfully recovered said backpack, and illegally retrieved a firearm therefrom.

26. Defendants placed Plaintiff Nelson in handcuffs and then asked if Plaintiff NELSON wanted to cooperate against Plaintiff Nelson's celebrity client at that point.

27. Plaintiff NELSON was placed under arrest, detained, restrained, prevented from leaving, and placed in a holding cell with general population prisoners who were informed of his status as a "police officer."

28. Plaintiff NELSON was deliberately detained for hours before he was arraigned.

29. Upon information and belief, the defendant police officers consulted with the Office of the District Attorney of New York County.

30. The defendant police officers were unfamiliar with and/or ignored LEOSA.

31. The defendant BRAGG, and the District Attorney's office, were unfamiliar with, and/or ignored LEOSA.

32. At the stationhouse, plaintiff was wrongfully placed under arrest, falsely imprisoned and maliciously charged with Criminal Possession of a Weapon in the Second Degree, in violation of NYS Penal Law § 265.03(1)(6), despite the fact that plaintiff NELSON repeatedly properly identified himself as KEVIN NELSON, a Pennsylvania State Constable.

33. Despite having properly identified himself to defendants, plaintiff NELSON was falsely and maliciously charged.

34. Defendants failed to properly investigate plaintiff's true identify despite the fact that they were in possession of all material information and documentation.

35. At no time prior to or during the events herein stated, did plaintiff use this "nickname" or "alias", nor has anyone else used this name when referring to plaintiff, except for defendant arresting officers.

36. Defendants were improperly trained and supervised or maliciously and willfully failed to follow proper NYPD procedures for properly identifying a suspect, encountering an out-of-state officer and verifying the officer's identity and his right under LEOSA to carry a firearm across state lines.

37. Defendants City and District Attorney knew and/or should have known that their employees would encounter a situation similar to the one regarding the plaintiff, in which an armed out-of-state peace officer would enter New York State in order to conduct official business.

38. The situation which was encountered by the individual defendants was the kind which training would have obviated.

39. The defendants knew and/or should have known that the wrong choice by them would result in the deprivation of plaintiff's constitutional rights.

40. The defendants acted without reasonable basis and in knowing violation of LEOSA.

41. On or about March 28, 2023, plaintiff's duty weapon, along with his shield and identification were confiscated, effectively depriving him of any means of protection, and thereby preventing him from performing his job duties and responsibilities as a Pennsylvania State Constable which require him, inter alia, to serve warrants.

42. Thereafter, on or about March 28, 2023, The New York County District Attorney's Office, and NYPD defendants, despite having been informed as to plaintiff's status as a Pennsylvania State Constable, and of the Federal Law that protects plaintiff, along with their faulty investigation, proceeded to charge plaintiff NELSON on the charge of Criminal Possession of a Weapon in the Third Degree (P.L. § 265.02) and other related charges. Upon

information and belief, defendant Assistant District Attorney TRUEHEART was informed of plaintiff's proper identity and status as a Pennsylvania State Constable prior to said charges, yet the District Attorney's Office nevertheless proceeded with said obvious and apparent false and malicious charges.

43. Upon information and belief, defendants presented evidence regarding plaintiff's personal pistol permit (Firearms License 39-09634 PA) to the grand jury, however defendants intentionally, willfully and maliciously failed to inform the grand jury as to plaintiff's status as a Pennsylvania State Constable, that he was carrying his duty weapon at the time of arrest, and that he is protected from prosecution under LEOSA.

44. Pursuant to 42 Pa.C.S. § 2941, Pennsylvania State Constables are law enforcement officers who carry the powers of arrest both when executing warrants and for breaches of the peace that are done in their presence.

45. Pennsylvania State Constables are fully certified to carry weapons under 42 Pa.C.S. § 2948, and as such, they are covered under 18 U.S.C. § 926B, also known as H.R. 218 or the Law Enforcement Officers Safety Act of 2004 ("LEOSA"), which allows law enforcement officers to carry firearms across state lines.

46. LEOSA preempts state and local law.

47. LEOSA states, in pertinent part:

48. Notwithstanding any other provision of the law of any State or any political subdivision thereof, an individual who is a qualified law enforcement officer and who is carrying the identification required by subsection (d) may carry a concealed firearm that has been shipped or transported in interstate or foreign commerce, subject to subsection (b).

49. This section shall not be construed to supersede or limit the laws of any State that:

permit private persons or entities to prohibit or restrict the possession of concealed firearms on their property; or prohibit or restrict the possession of firearms on any State or local government property, installation, building, base or park.

50. As used in this section, the term 'qualified law enforcement officer' means an employee of a governmental agency who-is authorized by law to engage in or supervise the prevention, detection, investigation, or prosecution of, or the incarceration of any person for, any violation of law, and has statutory powers of arrest; is authorized by the agency to carry a firearm;(3)is not the subject of any disciplinary action by the agency;(4) meets standards, if any, established by the agency which require the employee to regularly qualify in the use of a firearm; The identification required by this subsection is the photographic identification issued by the governmental agency for which the individual is employed as a law enforcement officer.

51. The District Attorney's Office and the NYPD failed to train and supervise their employees regarding LEOSA and acted with deliberate indifference of the rights of persons such as the plaintiff.

52. On or about May 5, 2023, the District Attorney's Office dismissed the felony charges against the plaintiff in the interest of justice pursuant to C.P.L § 170.30 (l)(g)), and the misdemeanor charges were dismissed pursuant an adjournment in contemplation of dismissal.

53. During the pendency of the criminal matter against Plaintiff, multiple news outlets published articles and negative press regarding the same.

54. The above-described wrongful arrest and malicious prosecution resulted in Plaintiff's dismissal as a Private Celebrity Body Guard by multiple clients and gravely impacted Plaintiff's future ability to secure employment as a Private Celebrity Body Guard, resulting in significant lost wages and loss of future earnings.

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO 42 U.S.C. 1981 AGAINST ALL DEFENDANTS

55. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs n1 through n54 with the same force and effect as if fully set forth herein.

56. Throughout the events recited herein, the individual Defendants, while acting under the color of law, subjected the Plaintiff to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States, and specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment of the Constitution, and Civil Rights as guaranteed under Article I, Section II, of the New York State Constitution.

57. Plaintiff has been deprived of his Constitutional Rights to be free of discrimination based upon race and to be free of racial profiling, and has been damaged and suffered emotional distress and conscious pain and suffering as a result of these actions.

58. The actions of Defendants, in depriving Plaintiff, of his Constitutional and Civil Rights, as hereinbefore stated, were willful and malicious acts.

59. In addition to Plaintiff, Defendants have similarly violated the rights of other similarly situated peace officers, all as part of a deliberate policy and a deliberate course of conduct.

60. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the Plaintiff has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

61. Based on the foregoing, Plaintiff is entitled to punitive and exemplary damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A SECOND CLAIM PURSUANT TO 42 USC§ 1983 AGAINST ALL INDIVIDUAL DEFENDANTS

62. Plaintiff repeats, reiterates and realleges each

63. and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

64. The individual defendants have embarked on a course of conduct that deprived plaintiff of his rights under the United States Constitution, federal and state law.

65. The facts and circumstances cited above with reference to the Constitution and other civil rights violations suffered by plaintiff are examples of defendants' violations of plaintiff's civil rights.

66. The actions of defendants, acting under color of state and local law, custom and usage, have deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, and in particular, of their rights to due process and equal protection under the 14th Amendment.

67. The actions of defendants, acting under color of state and local law, custom and usage, have deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, and in particular, of their rights to due process and equal protection under the First, Fourth, Fifth and Fourteenth Amendments and 18 u.s.c. 926B (LEOSA).

68. Plaintiff was unlawfully arrested, imprisoned and maliciously prosecuted by defendants, without any or provocation whatsoever.

69. The arrest, imprisonment and prosecution of plaintiff was caused by defendants without authority of the law and without any reasonable cause or belief that plaintiff was in fact guilty of Criminal Possession of a Weapon in the third Degree (NYSPenal Law § 265.02(4)) and in knowing disregard of 18 U.S.C. 926B (LEOSA) .

70. That defendants acting within the scope of their authority and within the scope of their employment, arrested and imprisoned plaintiff, even defendants knew, had the opportunity to know, or should have known, that the matters herein before stated were alleged wrongfully and unlawfully.

71. The individual defendants conspired together to violate plaintiff's rights, in that the individual officers acted in concert to unlawfully violate plaintiff's rights as did the defendant District Attorney Bragg.

72. The conduct and actions of the individual defendants, acting under color of law, was done intentionally, maliciously

and/or with reckless disregard of the natural and probable consequences of their acts, was done without lawful justification and was designed to and did cause specific pain and suffering, mental anguish, extreme emotional distress, humiliation and embarrassment in violation of Plaintiff's constitutional rights as guaranteed under the Fourteenth Amendment, in violation of 42 97. u.s.c. §1983.

73. As a consequence of defendants' unlawful actions, plaintiff demands damages in the amount of Five Million ($5,000,000.00) Dollars.

### AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO 42 U.S.C. §1983 POLICY AND PRACTICE UNDER MONELL V. DEPARTMENT OF SOCIAL SERVICES AGAINST THE MUNICIPAL DEFENDANTS

74. Plaintiff repeats, re-alleges and reiterates each and every allegation contained in paragraphs "1" through "74" hereinabove as if more fully set forth at length herein.

75. Defendants' violations of Plaintiff's constitutional rights while acting under color of law resulted from Municipal

76. Custom, policy and practice pursuant to Monell v. Department of Social Services, 438 U.S. at 694 n.58, 98 S.Ct. 2037 n.58.

77. Defendant NYPD and New York City District Attorney failed to train its police officers and assistant district attorneys and displayed a deliberate indifference to the constitutional rights to those within the State of New York and interstate visitors.

78. Defendants knew or should have known of the constitutional violations by its staff but repeatedly failed to make any meaningful investigation into charges of constitutional violations by its staff.

79. Defendants have deprived plaintiff of his civil, constitutional and statutory rights as a result of the unlawful and improper police stop due to the practice and policy of racial profiling and are liable to plaintiff under 42 U.S.C.§1983.

80. That by reason of the aforesaid Plaintiff has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

### AS AND FOR A FOURTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1985 AS AGAINST THE INDIVIDUAL DEFENDANTS

81. Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "80" as if set forth in full herein.

82. Defendants have conspired with and amongst each other to deprive Plaintiff of his rights under the United States Constitution and federal and state law.

83. Defendants have conspired to violate Plaintiff's civil rights pursuant to 42 U.S.C. §1985, when they willfully and knowingly conspired together to cause Plaintiff to be falsely arrested and maliciously prosecuted for possession of a weapon despite his status as a peace officer and LEOSA.

84. The actions and omissions of Defendants, in depriving Plaintiff of his Constitutional and Civil Rights, by their participation and conduct in facilitating the false arrest, filing of the criminal charges and criminal prosecution, which resulted in the dismissal of the criminal charges on the merits, as herein stated, were willful and malicious acts. Such policy and practice is an intentional and concerted effort by Defendants NYPD and the NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE.

85. By reason of this conspiracy, each of Defendants has violated 42 U.S.C. §1985.

86. As a consequence of defendants' unlawful actions, plaintiff demands damages in the amount of Five Million ($5,000,000.00) Dollars.

### AS AND FOR PLANTIFF'S FIFTH CLAIM AGAINST DEFENDANTS FOR FALSE ARREST

87. Plaintiff repeats, re alleges and reiterates each and every allegation set forth in paragraphs "1" through "87" as if set forth in full herein.

88.     Plaintiff was arrested and imprisoned wrongfully and falsely by defendants, without probable cause, any right or

legal grounds. Defendants deliberately disregarded their duty to investigate plaintiff's identity, status as a law enforcement officer and right to carry a firearm across state lines and the application of LEOSA.

89. Defendants falsely and maliciously accused plaintiff of Criminal Possession of a Weapon in the Third Degree.

90. Defendants CLARKE, MITCHELL, and LEWIS and "JOHN DOES" 1 THROUGH 4, without any legal basis or reasonable cause or belief that plaintiff was in violation of the law, caused plaintiff NELSON to be falsely arrested and imprisoned and maliciously prosecuted.

91. The defendants, their agents, servants and employees, acting within the scope of their authority and within the scope of their employment, detained, imprisoned and maliciously prosecuted plaintiff, even though defendants, their agents, servants and employees knew, had the opportunity to know and/or should have known through thorough investigation, that the matters alleged against plaintiff were false.

92. Plaintiff was wholly innocent of the charges proffered against him and did not contribute in any way to the conduct of defendants, their agents, servants and employees.

93. Plaintiff was forced to answer to the false and malicious charges concocted by defendants, and on May 5, 2023, the Criminal Court of New York County dismissed all charges against plaintiff.

94. As such, the charge brought against plaintiff by defendants was terminated in his favor.

95. However, the above-described wrongful arrest and malicious prosecution gravely impacted Plaintiff's securing employment as a Private Celebrity Body Guard, resulting in significant lost wages and loss of future earnings.

96. That by reason of the aforesaid, plaintiff has been damaged in the amount of Five Million ($5,000,000.00) Dollars.

97. And further, that by reason of the aforesaid, Plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars in lost wages and loss of future earnings.

## **AS AND FOR   A SIXTH CLAIM AGAINST DEFENDANTS FOR  MALICIOUS PROSECUTION**

98. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "97" above, as if fully set forth herein.

99. On or about March 28, 2023, defendants wrongfully and falsely accused plaintiff of Criminal Possession of a Weapon in the Second Degree (NYS Penal Law § 265.03 03).

100. Despite the fact that plaintiff was wholly innocent of said false charge, plaintiff was subjected to malicious prosecution by defendant BRAGG.

101. Defendant BRAGG falsely and maliciously, and without reasonable cause thereupon, continued to charge and prosecute plaintiff, disregarding any duty to investigate.

102. Defendants, their agents, servants and employees, acting in performance of their employment and within the scope of their authority, failed to investigate and/or withheld vital information before a grand jury and before the criminal court.

103. Defendants, employees, servants and their agents acting in performance of their employment and within the scope of their authority, falsely and maliciously and without probable cause, charged plaintiff with a crime, arrested him and prosecuted him.

104. Said malicious prosecution was terminated in plaintiff's favor

105. By reason of the aforesaid unlawful and malicious prosecution, plaintiff was deprived of his liberty, was subjected to indignity, humiliation, pain, and great distress of mind and body, and held up to scorn ridicule, was injured in his character and reputation, and was gravely impacted in securing employment as a Private Celebrity Body Guard, resulting in significant lost wages and loss of future earnings.

106. That by reason of the aforesaid, plaintiff has been damaged in the amount of Five Million ($5,000,000.00) Dollars.

107. And further, that by reason of the aforesaid, Plaintiff has been damaged in the amount of One Million

($1,000,000.00) Dollars in lost wages and loss of future earnings.

## AS AND FOR A SEVENTH CLAIM AGAINST DEFENDANTS CITY OF NEW YORK, COMMISSIONER CABAN AND NEW YORK COUNTY DISTRICT ATTORNEY BRAGG FOR FAILURE TO TRAIN AND/OR SUPERVISE

108  The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "107" above as if fully set forth herein.

109. The defendants failed to properly train and supervise their employees regarding the stop, detention, investigation, arrest and prosecution of individual peace officers from out of state who come into New York State in order to conduct official business and the application of LEOSA.

110. Defendants failed to train police officers and assistant district attorneys regarding the proper procedures and investigation to be employed when out of state law enforcement personnel with service weapons are encountered.

111. The Defendants' failure to train and supervise as described above amounted to deliberate indifference to the Constitutional Rights of persons such as the plaintiff.

112. Defendants failed to implement and enforce appropriate supervision by and of its staff so as to prevent and remedy violations of citizens' Constitutional Rights.

113. That by reason of the aforesaid, plaintiff has been damaged in the amount of Five Million ($5,000,000.00) Dollars.

## JURY TRIAL

113. Plaintiff requests a jury trial on all questions of fact.

## PRAYER FOR RELIEF

114. WHEREFORE, plaintiff prays that this Honorable Court grant the following relief:

115. For the First Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS; and punitive damages sum of TWO MILLION ($2,000,000.00) DOLLARS;

116.    For the Second Claim against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

117.    For the Third Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

118. For the Fourth Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

119. For the Fifth Claim against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS and lost wages and loss of future earning damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

120.    For the Sixth Claim against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS and lost wages and loss of future earning damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

121. For the Seventh Claim against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

122. In all causes of action, reasonable attorneys' fees, pre-judgment interest, costs of this action and for such other relief as this Court may deem just and proper.

Dated: Queens, New York
July 8, 2025

*Adrienne D. Edward*
Adrienne D. Edward, Esq.
LAW OFFICE OF ADRIENNE D. EDWARD PC
155-03 Jamaica Avenue
Jamaica, New York 11432
(347) 997-3811