```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
KEVIN NELSON,                             :
                                          :
                    Plaintiff,            :
                                          :    25cv7435 (DLC)
          -v-                             :
                                          :    OPINION AND
CITY OF NEW YORK, et al.,                 :       ORDER
                                          :
                    Defendants.           :
                                          :
----------------------------------------- X
```

APPEARANCES:

For plaintiff:

Adrienne D Edward
Law Office of Adrienne D. Edward, P.C.
101 Hudson Street
Suite 2100 - #4996
Jersey City, NJ 07302

For defendants Alvin Bragg and Andrew Trueheart:

Corey S. Shoock
Sidney Balman, III
Catherine Suvari
Office of the General Counsel: Civil Litigation Unit
One Hogan Place
New York, NY 10013

DENISE COTE, District Judge:

Kevin Nelson brought this § 1983 lawsuit against New York County District Attorney Alvin Bragg and assistant district attorney ("ADA") Andrew Trueheart (together, "DANY Defendants"), as well as the City of New York and members of the New York Police Department (together, "City Defendants"), after he was

arrested and charged with criminal possession of a weapon.[1]  The DANY Defendants filed a motion to dismiss the claims against them.  For the following reasons, the DANY Defendants' motion is granted.

## Background

The following facts are alleged in the amended complaint ("FAC").  This Opinion summarizes only the facts necessary to decide this motion.

Nelson is a Pennsylvania state constable who is licensed to carry a firearm.  He routinely works as a bodyguard for private celebrity clients in New York.  On March 28, 2023, while he was working as a bodyguard, Nelson was arrested and detained by New York Police Department officers who also seized his firearm. That same day, the New York County District Attorney's Office ("DANY") charged Nelson with felony possession of a weapon in the third degree, as well as related misdemeanor charges.  N.Y. Penal Law § 265.02.  The FAC alleges that, "upon information and belief," ADA Trueheart had been informed that Nelson was a Pennsylvania state constable.

Five weeks later, on or about May 5, 2023, DANY dismissed

---

[1] All defendants are sued in their individual and official capacities.

the felony charge pursuant to N.Y. Crim. Proc. Law § 170.30(g)[2] and the misdemeanor charges pursuant to an adjournment in contemplation of dismissal.  Nelson alleges that he was the subject of negative press during the pendency of the criminal case and that he has lost employment opportunities with multiple celebrity clients.

On September 16, 2025, Nelson filed this action, asserting, among other things, claims against the DANY Defendants under §§ 1981, 1983, and 1985 and New York state law for malicious prosecution and failure to train/supervise arising out of the decision to charge Nelson.  The DANY Defendants moved to dismiss the complaint on March 17, 2026.  The City Defendants filed an answer the same day.  An Order of March 19 warned Nelson that it would be unlikely that he would have another opportunity to amend.  Nelson filed the FAC on April 11.[3]  On April 29, the DANY Defendants renewed their motion.  The motion became fully submitted on May 20.  Mediation pursuant to the

---

[2] Under N.Y. Crim. Proc. Law § 170.30(g), dismissal is required "in furtherance of justice."

[3] The FAC adds an unidentified ADA in the case caption.  The FAC does not otherwise include any allegations against the unidentified ADA.  For the purposes of this motion, the claims against the unidentified ADA are dismissed for the same reasons as for the DANY Defendants.

District's § 1983 Plan is scheduled for June 3.  An initial pretrial conference is set for June 10.

## Discussion

The DANY Defendants argue that the claims against them are barred by absolute prosecutorial immunity.[4]  They are correct.

It is appropriate to consider claims of absolute immunity at the motion to dismiss stage.  See Drimal v. Tai, 786 F.3d 219, 225 (2d Cir. 2015).  Absolute immunity protects a prosecutor "not only from liability but also from suit." Ogunkoya v. Monaghan, 913 F.3d 64, 67 (2d Cir. 2019) (citation omitted).  Absolute immunity applies to functions that are "intimately associated with the judicial phase of the criminal process."  Simon v. City of New York, 727 F.3d 167, 171 (2d Cir. 2013) (citation omitted).  "[T]he relevant question is whether there is pending or in preparation a court proceeding in which the prosecutor acts as an advocate."  Ogunkoya, 913 F.3d at 69 (citation omitted).  Accordingly, immunity attaches to functions related to "deciding whether to bring charges and presenting a case to a grand jury or a court, along with tasks generally considered adjunct to those functions, such as witness

---

[4] It is unnecessary to reach the DANY Defendants' additional arguments with respect to the Law Enforcement Officer Safety Act, the DANY Defendants' personal involvement in the alleged conduct, and the FAC's failure to state a claim on the merits.

4

preparation." Simon, 727 F.3d at 171. This immunity attaches to conduct "preliminary to the initiation of a prosecution and actions apart from the courtroom." Giraldo v. Kessler, 694 F.3d 161, 165 (2d Cir. 2012) (citation omitted). Absolute immunity for prosecutors is thus "broadly defined." Id. (citation omitted).

Courts apply a "functional approach" in determining whether absolute immunity attaches. Simon, 727 F.3d at 171 (citation omitted). "[P]rosecutors receive only qualified immunity when performing administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." Id. at 172 (citation omitted); Morse v. Fusto, 804 F.3d 538, 548 (2d Cir. 2015) (no absolute immunity for activities "normally performed by a detective or a police officer" (citation omitted)). Analyzing a claim for absolute immunity "requires [courts] to view the relevant circumstances as would a reasonable official in the claimant's position." Giraldo, 694 F.3d at 165. This is true "even in the face of a complaint's allegations of malicious or corrupt intent behind the acts." Id. at 166.

The DANY Defendants are entitled to absolute immunity for the decision to charge Nelson with possession of a weapon. The

decision to charge an individual is a matter of prosecutorial discretion and is a core function of a prosecutor's job.

Nelson argues that the FAC alleges investigative and administrative conduct.  According to Nelson, the DANY Defendants should have known that his possession of the firearm was lawful and in any event had a duty to conduct a reasonable investigation to confirm his status as a Pennsylvania state constable.  The FAC asserts that the actions of the DANY Defendants "were not limited to protected advocacy functions, but included investigative and administrative conduct, including participation in and direction of the investigation, and decisions made with knowledge of exculpatory information prior to the initiation of formal judicial proceedings."

The conduct alleged in the FAC is entirely related to the DANY Defendants' decision to charge him.  The DANY Defendants are immune from suit over that decision.  The conclusory assertion in the FAC that the DANY Defendants engaged in investigative and administrative conduct does not plausibly plead conduct beyond that protected by the doctrine of absolute immunity.

## Conclusion

The DANY Defendants' April 29, 2026 motion to dismiss is granted.  The Clerk of Court shall enter judgment for the DANY Defendants on the claims against them.

Dated:    New York, New York
          May 20, 2026

                                        _____
                                            DENISE COTE
                                  United States District Judge

7